**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1078
_____

AMRO A. ELANSARI,
                                        Appellant

v.

PHILADELPHIA MUNICIPAL COURT;
BARBARA S. GILBERT, in her individual capacity;
PATRICK F. DUGAN, in his individual capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-06197)
District Judge: Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on June 25, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed:   August 19, 2020)

_____

# OPINION*

PER CURIAM

Pro se appellant Amro Elansari appeals from the District Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons discussed below, we will summarily affirm the District Court's judgment.

In December 2019, Elansari filed a complaint against the Philadelphia Municipal Court and Judges Barbara Gilbert and Patrick Dugan. The complaint alleged that Elansari is a law student who provides various services to pro se litigants who wish to file cases in the Municipal Court. Elansari raised claims, under 42 U.S.C. § 1983, that the defendant judges violated his due process rights by inconsistently applying the Municipal Court rules that govern when an "authorized representative" may act on behalf of a litigant. He also alleged that Judge Gilbert improperly reprimanded him for failing to comply with the authorized-representative rules. The District Court screened the complaint and dismissed it as frivolous pursuant to § 1915(e)(2)(B)(i), concluding that the defendants were immune from suit and that, in any event, Elansari's claims were meritless. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. We construe Elansari's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and we will summarily affirm the District Court's order if "no substantial question is presented" by the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

appeal, 3d Cir. L.A.R. 27.4(a). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)).

The District Court properly determined that the Municipal Court is immune from suit under the Eleventh Amendment. See Benn v. First Judicial Dist., 426 F.3d 233, 238–41 (3d Cir. 2005) (concluding that the First Judicial District of Pennsylvania is a state entity entitled to Eleventh Amendment immunity). We also agree with the District Court's conclusion that the defendant judges are immune from the claims for damages. Elansari's claims concern actions taken by the judges in Municipal Court proceedings, and Elansari did not plausibly allege that their actions were taken in the clear absence of jurisdiction. See Gallas v. Supreme Court, 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .").

Even assuming that the judges were not immune from Elansari's claims for declaratory or injunctive relief, cf. Allen v. DeBello, 861 F.3d 433, 442 (3d Cir. 2017), the District Court properly determined that those claims were baseless. To succeed on a procedural due process claim, a plaintiff must plead that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v.

3

Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (quoting U.S. Const. amend. XIV, § 1).

Here, Elansari failed to allege that the Municipal Court procedures did not provide due process of law, as Elansari had an opportunity to be heard in open court and to have two judges consider his status as an authorized representative. See Elsmere Park Club, L.P. v. Town of Elsmere, 542 F.3d 412, 417 (3d Cir. 2008) ("A fundamental requirement of due process is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965))). In any event, even if there were some issue with that process, Elansari did not claim to have any protected liberty or property interest in serving as an authorized representative. In fact, Elansari alleged that he "never even wanted to be . . . [an] authorized representative." Complaint ¶ 12, D.C. Dkt. No. 2.[1] Instead, his complaint indicated that he primarily intended to raise a due process claim on behalf of pro se plaintiffs whose cases are impeded by the inconsistent application of the authorized-representative rules. Elansari lacked standing to bring those due process claims on behalf of third-party plaintiffs, and he never claimed to be the plaintiff in any case that was impeded by the authorized-representative rules. See Miller v. Nissan Motor Acceptance Corp., 362 F.3d 209, 221 (3d Cir. 2004) (explaining that in addition to the Article III requirements, "the federal judiciary has also adhered to a set of prudential

---

[1] Elansari did not claim to have a property interest in running a business that provides the services of an authorized representative. In any event, we note that the rule governing the authority of an authorized representative states that "[t]his rule is not intended to allow a non-lawyer to establish a business for the purpose of representing others in Court proceedings." Phila. Mun. Ct. Civ. Div. Local R. 131 official note.

principles that bear on the question of standing," including that the plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties" (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982))).

Accordingly, we will affirm the District Court's judgment.